UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANCIS O. ROSSY,

        Plaintiff,

v.                              Case No. 3:14-cv-396-J-34PDB

SGT. LUPKIN,
et al.,

        Defendants.

_____

**ORDER**

**I. Status**

Plaintiff Francis O. Rossy, a former inmate of the Florida
penal system, initiated this action on April 7, 2014, by filing a
Civil Rights Complaint (Doc. 1) pursuant to 42 U.S.C. § 1983. He
filed an Amended Complaint (Doc. 11) on November 28, 2014, and a
Second Amended Complaint (SAC; Doc. 38) on January 9, 2017. In the
SAC, Rossy names the following individuals as Defendants: (1)
Clinch County, Georgia, Deputy Sheriff Gary Allen, (2) Hamilton
County, Florida, Sheriff J. Harrell Reid, (3) Hamilton County
Deputy Sergeant Lupkin, (4) Hamilton County Deputy Matthew Cribbs,
(5) Florida Department of Corrections (FDOC) Detainer and Release
Coordinator Helen Arrington, and (6) FDOC Senior Counselor Matthew
Herring. He asserts that the Defendants violated his Fourteenth

Amendment right to procedural due process of law when they unlawfully arrested, detained, and extradited him to Georgia. He sues the Defendants in their individual and official capacities. As relief, Rossy seeks compensatory and punitive damages and declaratory and injunctive relief.

This matter is before the Court on the following motions to dismiss: Defendants Reid, Lupkin, and Cribbs' Motion to Dismiss Amended Complaint (Motion; Doc. 42) with exhibits (Def. Ex.); Defendant Clinch County Deputy Sheriff Gary Allen's Motion to Dismiss Plaintiff's Amended Complaint (Allen Motion; Doc. 43); and Motion to Dismiss of Defendant Helen Arrington (Arrington Motion; Doc. 44). The Court advised Rossy that granting a motion to dismiss would be an adjudication of the case that could foreclose subsequent litigation on the matter, <u>see</u> Order (Doc. 17), and gave him an opportunity to respond, <u>see</u> Orders (Docs. 46, 49). Plaintiff filed responses in opposition to the motions to dismiss. <u>See</u> Plaintiff's Answer to Defendants Reid, Lupkin and Cribbs Motion to Dismiss (Response; Doc. 52); Brief in Support of His Answer to Defendant Allen's Motion to Dismiss (Brief; Doc. 54) with exhibits (P. Ex.); Brief in Support of His Answer to Defendant Arrington's Motion to Dismiss (Brief II; Doc. 58). The motions to dismiss are ripe for judicial review.

## II. Motion to Dismiss Standard

In ruling on a motion to dismiss, the Court must accept the factual allegations set forth in the complaint as true. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Omar ex. rel. Cannon v. Lindsey, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam). Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. BellSouth Telecomm., 372 F.3d 1250, 1262-63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary[,]" the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556); see Miljkovic v. Shafritz & Dinkin, P.A., 791 F.3d 1291, 1297 (11th Cir. 2015) (citation and footnote omitted). A "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" <u>Twombly</u>, 550 U.S. at 555 (internal quotations omitted); <u>see</u> <u>also</u> <u>Jackson</u>, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions[,]" which simply "are not entitled to [an] assumption of truth." <u>Iqbal</u>, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face[.]'" <u>Id.</u> at 678 (quoting <u>Twombly</u>, 550 U.S. at 570).

### III. Second Amended Complaint[1]

Rossy asserts that Defendants Reid, Lupkin, Cribbs, Allen, and Arrington violated his Fourteenth Amendment right to procedural due process of law when they unlawfully arrested, detained, and extradited him to Georgia. According to Rossy, the FDOC released

---

[1] The SAC is the operative pleading. In considering a motion to dismiss, the Court must accept all factual allegations in the SAC as true, consider the allegations in the light most favorable to the plaintiff, and accept all reasonable inferences that can be drawn from such allegations. <u>Miljkovic v. Shafritz and Dinkin, P.A.</u>, 791 F.3d 1291, 1297 (11th Cir. 2015) (quotations and citations omitted). As such, the recited facts are drawn from the SAC and may differ from those that ultimately can be proved.

him from Hamilton Correctional Institution (HCI) in Hamilton County, Florida, on the morning of March 14, 2012, after Rossy had served a six-year term of incarceration, <u>see</u> SAC at 5; Defendant Herring "turned over" the custody of Rossy to Defendant Cribbs "without any papers, but under the oral view that an extradition warrant had been issued," <u>id.</u>; Cribbs frisked, shackled and handcuffed Rossy and transported him to the Hamilton County Jail (HCJ) "under the apparent properly processed Governor's warrant" that the Georgia Governor requested, <u>id.</u>; Rossy requested to see documents supporting his detention, <u>see</u> <u>id.</u>; the documents were memoranda from Clinch County District Attorney Cathy Helms to Hamilton County Captain Williams stating that procedures had been initiated to obtain a Governor's warrant, <u>see</u> <u>id.</u>; Defendant Arrington instructed the FDOC to transfer Rossy to the custody of the Hamilton County Sheriff while the Governor's warrant and requisition were processed, <u>see</u> <u>id.</u> at 6; Rossy challenged his detention, pending extradition, and "authenticity of the documents" by filing a habeas petition in state court on April 9, 2012, <u>id.</u>; Rossy also requested counsel to assist him in litigating his case in state court, <u>see</u> <u>id.</u>; Defendant Allen, in the presence of Defendant Lupkin and other deputies, unlawfully removed Rossy from the HCJ before he had an opportunity to litigate his case in state court, <u>see</u> <u>id.</u>; Defendants Lupkin and Cribbs knew Rossy's habeas petition was still pending in state court when Rossy was extradited

to Georgia, <u>see</u> <u>id.</u>; and Rossy objected to the extradition as a violation of the Fourteenth Amendment and Florida law, <u>see</u> <u>id.</u>

## IV. Defendants' Motions to Dismiss

Defendants Reid, Lupkin, and Cribbs seek dismissal of Rossy's claims against them because Rossy fails to state a claim upon which relief can be granted. <u>See</u> Motion at 1. They assert that: (1) Rossy's detention in the HCJ and subsequent extradition to Clinch County, Georgia, was lawful in accordance with Florida's Uniform Criminal Extradition law and did not violate a federal constitutional right, <u>see</u> <u>id.</u> at 5-7; (2) Rossy's SAC is the "functional equivalent" of a second habeas corpus petition, and therefore, the Court must dismiss it as a second or successive petition, <u>id.</u> at 7-8; (3) the defense of res judicata bars Rossy's action, <u>see</u> <u>id.</u> at 9-11; and (4) Rossy is neither entitled to monetary damages nor equitable relief, <u>see</u> <u>id.</u> at 11-13.

Defendant Allen seeks dismissal of Rossy's claim against him. He asserts that Rossy's claim: (1) fails because the asserted facts do not show that Allen violated a right protected by the United States Constitution or federal law, <u>see</u> Allen Motion at 5-6; (2) is barred by qualified immunity to the extent Rossy sues Allen in his individual capacity, <u>see</u> <u>id.</u> at 7-8; and (3) is barred by the Eleventh Amendment to the extent Rossy sues Allen in his official capacity for monetary damages, <u>see</u> <u>id.</u> at 8-10. Allen also states that, even if Rossy's claim against him was allowed to proceed,

Rossy would not be entitled to the requested relief because: (a) the Prison Litigation Reform Act (PLRA) prevents Rossy from recovering compensatory or punitive damages, see id. at 11-12; (b) declaratory relief is not available because Rossy has not alleged the existence of a continuing controversy or that the threat of future injury is immediate and definite, see id. at 12-13; and (c) neither a preliminary nor a permanent injunction is available because Rossy has not pled that irreparable harm will ensue if the Court does not grant injunctive relief, see id. at 13-14.

Defendant Arrington seeks dismissal of Rossy's claims against her. She asserts that Rossy's claims for: (1) injunctive and declaratory relief should be dismissed as moot, see Arrington Motion at 4-5; (2) compensatory and punitive damages are barred by the PLRA, see id. at 5-6; and (3) monetary damages against her in her official capacity are barred by the Eleventh Amendment, see id. at 7-8. She also states that: Rossy's claim against her does not allege any action on her part which led to denial of his procedural due process rights, see id. 8-10; he was given the due process required under the circumstances, see id. at 10-11; and the action is barred by a one-year statute of limitations, see id. at 11-12. Rossy filed responses in opposition to the motions to dismiss. See Response; Brief; Brief II.

## V. Extrinsic Evidence

At the outset, the Court notes that the parties submitted several exhibits in support of, and in opposition to, the motions to dismiss. See generally Motion; Allen Motion; Brief. In addition, Defendants request that the Court take judicial notice of public records, including records maintained by the Superior Court, Clinch County, Georgia and "information available on the database maintained by the Hamilton County Florida Clerk of Court," Motion at 2-3 n.1, as well as the state court's order denying Rossy's habeas petition, see Allen Motion at 6 n.1. When a party moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and matters outside of the pleadings are presented to and not excluded by the court, the motion is ordinarily treated as if it were a motion for summary judgment under Rule 56. See SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010); Jones v. Auto. Ins. Co. of Hartford, Conn., 917 F.2d 1528, 1531-32 (11th Cir. 1990). Nevertheless, the Eleventh Circuit has instructed that a district court may consider extrinsic evidence in ruling on a motion to dismiss "if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, 600 F.3d at 1337; see also Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1267-68 (11th Cir. 2002). The Court, in its discretion, declines to consider any documents beyond those which comply with the above

exceptions, and thus, the motions to dismiss will not be converted to motions for summary judgment. <u>Harper v. Lawrence Cty., Ala.</u>, 592 F.3d 1227, 1232 (11th Cir. 2010); <u>Jones</u>, 917 F.2d at 1531-32.

Under appropriate circumstances, a court may take judicial notice of and consider documents attached to a motion to dismiss or response, which are public records that are "central" to a plaintiff's claims, without converting the motion to dismiss into a motion for summary judgment. <u>Day v. Taylor</u>, 400 F.3d 1272, 1276 (11th Cir. 2005) (citation omitted). This is so, as long as such documents are "public records that [are] 'not subject to reasonable dispute' because they [are] 'capable of accurate and ready determination by resort to sources whose accuracy [can] not reasonably be questioned.'" <u>Horne v. Potter</u>, 392 F. App'x 800, 802 (11th Cir. 2010) (per curiam) (quoting Fed. R. Evid. 201(b)). Moreover, "a court may take notice of another court's order . . . for the limited purpose of recognizing the 'judicial act' that the order represents or the subject matter of the litigation." <u>United States v. Jones</u>, 29 F.3d 1549, 1553 (11th Cir. 1994).

Upon review of the motions to dismiss and Rossy's Brief, the Court notes that most of the exhibits submitted are public records which are not capable of reasonable dispute, and therefore appropriate for judicial notice. <u>See</u> <u>Beepot v. J.P. Morgan Chase Nat'l Corp. Servs., Inc.</u>, 57 F. Supp. 3d 1358, 1366 (M.D. Fla. 2014), <u>aff'd</u>, 626 F. App'x 935 (11th Cir. 2015). Notably, some of

the exhibits attached to the motions to dismiss are documents that were filed in Rossy's prior state court criminal proceedings in the Superior Court of Clinch County, Georgia,[2] out of which the instant claims arose, as well as state court records in the Third Judicial Circuit, in and for Hamilton County, Florida.[3] Therefore, they are public records not capable of reasonable dispute, and appropriate for judicial notice. <u>See</u> <u>Horne</u>, 392 F. App'x at 802 ("The district court properly took judicial notice of the documents in [plaintiff's] first case . . . ."). Moreover, because the prior state court proceedings are central to Rossy's claims in this action, the Court will consider this evidence in ruling on the motions to dismiss. <u>See</u> <u>Talley v. Columbus, Ga. Hous. Auth.</u>, 402 F. App'x 463, 465 n.4 (11th Cir. 2010) ("Although the district court was ruling on a motion to dismiss, the court properly examined extrinsic documents detailing [plaintiff's] previous state and federal court cases that related to the condemnation of his property: the cases were central to [plaintiff's] instant federal claim.").

---

[2] <u>See</u> Def. Exs. 1, <u>State of Georgia v. Francis O. Rossy</u>, Case No. 09CR105, Criminal Warrant Nos. 07-284, 07-285, 07-286, 07-287, 07-288, 07-289, 07-290, 07-291, Indictment; 7, Verdict.

[3] <u>See</u> Def. Exs. 3, 5, 6.

## VI. Law and Conclusions

### A. Lack of Jurisdiction

Defendants Reid, Lupkin, and Cribbs assert that the Court should dismiss Rossy's case for lack of jurisdiction because it is the "functional equivalent" of a second or successive habeas corpus petition that is not cognizable under 42 U.S.C. § 1983. See Motion at 7-8. Rossy opposes the request for dismissal, and asserts that he is entitled to litigate the issues underlying the alleged unlawful detention and extradition in a civil rights complaint under 42 U.S.C. § 1983. See Response at 5-6. Rossy's civil rights action is properly before this Court. See Harden v. Pataki, 320 F.3d 1289, 1299 (11th Cir. 2003) (recognizing that a claim asserting a violation of a prisoner's federally protected extradition rights is properly brought pursuant to 42 U.S.C. § 1983). As such, Defendants Reid, Lupkin, and Cribbs' request to dismiss the case for lack of jurisdiction is due to be denied.

### B. Statute of Limitations

Defendant Arrington asserts that the applicable statute of limitations is the one-year limitations period found in Florida Statutes section 95.11(5)(g). See Arrington Motion at 11-12. That section states in pertinent part: "[A]n action brought by or on behalf of a prisoner . . . relating to the conditions of the prisoner's confinement" must be brought within one year. Fla. Stat. § 95.11(5)(g). Rossy opposes Arrington's request to dismiss the

action. See Brief II at 15. He asserts that the applicable statute of limitations is four years. See id. This Court agrees. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); see Ealy v. GEO Grp., Inc., 667 F. App'x 739, 740 (11th Cir. 2016) (per curiam) ("This Court has on several occasions applied the four-year residual limitations period under Florida's personal injury statute, Florida Statutes § 95.11(3)(p), to 42 U.S.C. § 1983 claims."). A four-year limitations period under Florida Statutes section 95.11(3)(p) is applicable to Rossy's 42 U.S.C. § 1983 claims. Therefore, Defendant Arrington's request to dismiss the action as barred by Florida's one-year statute of limitations is due to be denied.

## C. Eleventh Amendment Immunity

To the extent Defendant Arrington asserts that she is entitled to Eleventh Amendment immunity, this Court agrees.

> The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. It is well established that, in the absence of consent, "a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." Papasan v. Allain, 478 U.S. 265,

> 276, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)
> (quotation omitted). The Eleventh Amendment
> also prohibits suits against state officials
> where the state is the real party in interest,
> such that a plaintiff could not sue to have a
> state officer pay funds directly from the
> state treasury for the wrongful acts of the
> state. <u>Summit Med. Assocs., P.C. v. Pryor</u>, 180
> F.3d 1326, 1336 (11th Cir. 1999). . . .

<u>Hayes v. Sec'y, Fla. Dep't of Children & Families</u>, 563 F. App'x
701, 703 (11th Cir. 2014) (per curiam).

In <u>Zatler v. Wainwright</u>, 802 F.2d 397, 400 (11th Cir. 1986)
(per curium), the Eleventh Circuit noted:

> It is clear that Congress did not intend
> to abrogate a state's eleventh amendment
> immunity in section 1983 damage suits. <u>Quern
> v. Jordan</u>, 440 U.S. 332, 340-45, 99 S.Ct.
> 1139, 1144-45, 59 L.Ed.2d 358 (1979).
> Furthermore, after reviewing specific
> provisions of the Florida statutes, we
> recently concluded that Florida's limited
> waiver of sovereign immunity was not intended
> to encompass section 1983 suits for damages.
> <u>See</u> <u>Gamble</u>,[4] 779 F.2d at 1513-20.

Accordingly, in <u>Zatler</u>, the court found that the FDOC Secretary was
immune from suit in his official capacity. <u>Id.</u> Insofar as Rossy may
be seeking monetary damages from Defendant Arrington in her
official capacity, the Eleventh Amendment bars suit. Therefore,
Defendant Arrington's Motion is due to be granted as to Rossy's
claim for monetary damages from her in her official capacity.

---

[4] <u>Gamble v. Fla. Dep't of Health & Rehab. Serv.</u>, 779 F.2d 1509
(11th Cir. 1986).

## D. Declaratory and Injunctive Relief

Defendants assert that Rossy's claims for declaratory and injunctive relief should be dismissed as moot since he is no longer in the custody of the Hamilton County Sheriff or FDOC. This Court agrees. According to the offender network, the FDOC released Rossy on March 14, 2012. See http://www.dc.state.fl.us/offenderSearch. On April 11, 2012, Clinch County Deputy Sheriff Allen picked up Rossy for extradition to Georgia. See Def. Ex. 2; SAC at 6. Rossy currently resides at the Hays State Prison in Trion, Georgia. See http://www.dcor.state.ga.us./GDC/OffenderQuery (as of May 11, 2017). The general rule in this Circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief. Zatler, 802 F.2d at 399. The rationale underlying this rule is that injunctive relief is "a prospective remedy, intended to prevent future injuries," Adler v. Duval Cty. Sch. Bd., 112 F.3d 1475, 1477 (11th Cir. 1997), and, as a result, once the prisoner has been released or transferred, the court lacks the ability to grant injunctive relief and correct the conditions of which the prisoner complained. See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) (per curiam) (stating that a prisoner's past exposure to sub-par conditions in a prison "does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects"). Thus, Rossy's claims for declaratory and injunctive

relief concerning events arising while in the custody of the FDOC or the Hamilton County Sheriff fail to present a case or controversy. Additionally, to the extent Rossy requests that the Court direct the Defendants to provide him with a letter of apology for their alleged unlawful actions, <u>see</u> SAC at 7, the Court does not have the authority to grant such relief. Therefore, Defendants' request to dismiss Rossy's claims for declaratory and injunctive relief as moot is due to be granted.

## E. Procedural Due Process of Law

Defendants seek dismissal of Rossy's claims against them for violations of due process of law under the Fourteenth Amendment. They assert that Rossy's detention in the HCJ and subsequent extradition to Clinch County, Georgia, were lawful, and therefore did not violate Rossy's right to due process of law under the Fourteenth Amendment. <u>See</u> Motion at 5-7; Arrington Motion at 8-11; Allen Motion at 5-6. Rossy opposes the requests to dismiss. <u>See</u> Response at 3-4; Brief at 3-8; Brief II at 10-14. The following factual chronology is relevant to Rossy's due process claims against the Defendants.

On March 9, 2012, the District Attorney's Office for Clinch County, Georgia, informed the FDOC and Hamilton County Sheriff's Office that the District Attorney had applied for a Governor's Requisition for Rossy. Def. Ex. 1, District Attorney's Memorandum

(DA Memorandum); see also SAC at 5-6; P. Ex. B. The DA Memorandum

states in pertinent part:

> Our office has applied for a Governor's
> Requisition for Florida DOC inmate Francis
> Oscar Rossy. Mr. Rossy is scheduled to be
> released from Florida DOC on March 14, 2012
> and will be transferred to the custody of the
> Hamilton County Sheriff's Office while the
> Governor's Warrant is being processed. As per
> instructions from Helen Arrington, Florida
> Department of Corrections Detainer & Release
> Coordinator, I have attached for your records
> a copy of the following:
>
> 1. Cover letter to Georgia
> Department of Corrections [1 pg]
> 2. Application and supporting
> documents for Governor's Requisition
> [31 pgs]
> 3. Fax to Helen Arrington [FL
> DOC/Detainer Release Coordinator] [1
> pg]
> 4. Notice of release date from FL
> DOC [4 pgs]
>
> Once the Governor's Warrant has been issued
> and processed, the Clinch County Sheriff's
> Office will be in contact with you to assume
> custody of Mr. Rossy. . . .

Def. Ex. 1 at 1; see SAC at 5-6. The DA Memorandum included the

following supporting documents: the Application for Governor's

Requisition, and Affidavits, State Criminal Warrant Numbers 07-284,

07-285, 07-286, 07-287, 07-288, 07-289, 07-290, 07-291, and the

Indictment in State of Georgia v. Francis O. Rossy, Case No.

09CR105. See Def. Ex. 1.[5] The March 16, 2009 Indictment charged

_____

[5] Federal Rule of Evidence 201(b) provides that "[t]he court
may judicially notice a fact that is not subject to reasonable
dispute because it: (1) is generally known within the trial court's

Rossy with four counts of aggravated child molestation, two counts of enticing a child for indecent purposes, two counts of incest, and two counts of rape for offenses allegedly occurring in Georgia. See id.

As a result of the Governor's Requisition Application, a Hamilton County Deputy Sheriff transferred Rossy on March 14, 2012,[6] to the HCJ where the Hamilton County Sheriff held Rossy on a detainer for extradition to Georgia. See SAC at 5-6; see also Def. Ex. 2, Hamilton County Jail, Inmate Transmittal Form. That same day, Rossy appeared before Judge Scaff for First Appearance; the court informed Rossy of the Georgia warrant and the charges against him. See Def. Ex. 3.[7]

On March 21, 2012, the Governor of Georgia signed a Requisition Demand and Agency Authorization (GA Requisition). See

territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." The documents supporting the DA Memorandum are public records which are not capable of reasonable dispute, and therefore appropriate for judicial notice. See Beepot, 57 F. Supp. 3d at 1366.

[6] According to the FDOC offender network, the FDOC released Rossy on March 14, 2012, after he served a six-year term of incarceration for lewd and lascivious molestation. See http://www.dc.state.fl.us/offenderSearch.

[7] The Court takes judicial notice of County Judge Sonny Scaff's "First Appearance Order" and "Judge's Record of First Appearance," which are public records in the County Court, Third Judicial Circuit, in and for Hamilton County, Florida. See Def. Ex. 3.

Def. Ex. 4. In the GA Requisition, the Georgia Governor stated in pertinent part:

> Now, therefore, pursuant to the provisions of the Constitution and laws of the United States, and the laws of the State of Georgia, and the laws of the State of Florida, in such case made and provided, I respectfully demand that Francis O. Rossy a/k/a Rossy-Soto a/k/a Francis Oscar Rossy, said fugitive from justice, be arrested and secured and delivered to Sheriff Winston C. Peterson, Clinch County Sheriff's Department, and/or a designated agent, who is hereby authorized to receive, convey and transport him/her to this State, here to be dealt with according to law.

Def. Ex. 4 at 2 (selected capitalization and emphasis deleted). On April 11, 2012,[8] pursuant to the GA Requisition, a Clinch County Deputy Sheriff picked up Rossy for extradition to Georgia. See SAC at 6; see also Def. Exs. 2; 5 (noting Rossy's mail was returned to the court on or about April 16, 2012).

While still detained at the HCJ on April 6, 2012, Rossy filed a habeas petition in state court. See Def. Ex. 5 at 3-12; SAC at 6. He asserted that his jail detention was unlawful because the Hamilton County Sheriff detained him prior to the issuance of a Governor's warrant. See Def. Ex. 5 at 3-12. In the petition, Rossy states: "Upon request at first appearance with Judge Scaff Petitioner was shown the supporting documents that invoked his

---

[8] Rossy asserts that a Clinch County Deputy Sheriff picked him up for extradition to Georgia on April 18, 2012. See Brief at 1. However, it appears that Deputy Sheriff Allen picked Rossy up on April 11th, not April 18th. See Def. Ex. 2. Nevertheless, the exact date does not affect the Court's resolution of the issues.

detention." Id. at 4. As relief, he requested that the state court

direct the sheriff to release him from custody. See id. at 1, 7, 8.

On December 5, 2012, the court denied Rossy's petition as moot and

without merit. See Def. Ex. 6.[9] In doing so, the court stated in

pertinent part:

> On March 14, 2012, the Petitioner was
> released from the custody of the Department of
> Corrections (DOC) and transferred to the
> Hamilton County Jail where he was held on a
> detainer for extradition to the State of
> Georgia. It appears from a search of the
> Clinch County, Georgia, Jail records that the
> Petitioner has since been transferred to the
> Clinch County Jail and continues to remain
> there as he awaits prosecution on his Georgia
> criminal case.
>
> In the instant petition, the Petitioner
> alleges his detainer in the Hamilton County
> Jail was unlawful because he was detained
> prior to the issuance of a Governor's Warrant,
> in contravention of Sections 941.03 and
> 941.07, Florida Statutes. Specifically, the
> Petitioner alleges that he was being illegally
> detained because of a communication made to
> DOC and the Hamilton County Sheriff by the
> Chief Assistant District Attorney of Georgia
> (District Attorney). In that communication,
> the District Attorney informed DOC and the
> Hamilton County Sheriff that the District
> Attorney's Office had applied for a Governor's
> Requisition and was awaiting for [sic] the
> issuance of [a] Governor's Warrant.
>
> The Petitioner attached the above
> referenced communication to the instant
> petition. The attachment is a letter from the
> District Attorney, dated March 9, 2012, to

---

[9] The Court takes judicial notice of Rossy's habeas petition,
the criminal case docket, and the state court's order denying the
petition. See Def. Exs. 5, 6.

Captain Don Williams of the Hamilton County
Sheriff's Office, in which Captain Williams is
notified of the District Attorney's
application for a Governor's Requisition and
Warrant. In that letter, the District Attorney
attached, among other things, the following
documents: (1) an application and supporting
documents for Governor's Requisition (a 31
page document); (2) a fax to DOC's Detainer
Release Coordinator, and (3) a notice of
release date from DOC. According to
Petitioner, this communication alone - in the
absence of a Governor's Warrant - was not
legally sufficient to support his detainer in
the Hamilton County Jail.

Florida law permits the warrantless
arrest of a defendant for purposes of
extradition to another state. Section 941.14,
Florida Statutes, states that:

> [t]he arrest of a person may be
> lawfully made also by any peace
> officer or a private person, without
> a warrant upon reasonable
> information that the accused stands
> charged in the courts of a state
> with a crime punishable by death or
> imprisonment for a term exceeding 1
> year, but when so arrested the
> accused must be taken before a judge
> with all practicable speed and
> complaint must be made against the
> accused under oath setting forth the
> ground for the arrest . . . and
> thereafter his or her answer shall
> be heard as if the accused had been
> arrested on a warrant.

The purpose of a detention pursuant to Section
941.14 is to "permit[] time for the procedures
required for production of a governor's
warrant." Lewis v. Boone, 418 So.2d 319, 320
(Fla. 1st DCA 1982). In the instant petition,
the Petitioner admits that subsequent [to] his
transfer to the Hamilton County Jail he was
taken before a judge for First Appearance.
According to the Petitioner:

> [u]pon request at First Appearance
> with Judge Scaff Petitioner was
> shown the supporting documents, that
> invoked his detention. This [sic]
> documents [were] mainly memorandums
> from Cathy Helms, District Attorney,
> Alapaha Judicial Circuit, State of
> Georgia, informing Hamilton
> Sheriff[']s Office, Captain Williams
> that procedures had been initiated
> to obtain a Governor's Warrant on
> Petitioner . . . .[]

> Petition at 2. It appears that after his
> release from DOC, and after the Petitioner's
> transfer to the Hamilton County Jail,
> officials promptly took the Petitioner before
> a judge to determine the legality of his
> detainer, in accordance with 941.14.
> **Accordingly, the Petitioner's detainer in the
> Hamilton County Jail was not unlawful.**
> Moreover, the Petitioner is currently outside
> the jurisdiction of this Court, as he is being
> held in the Clinch County Jail for criminal
> charges arising out of the State of Georgia.
> Therefore, the instant petition is not only
> meritless, but it is also moot.

Def. Ex. 6 at 1-2 (emphasis deleted and added). The court notified

Rossy that he could appeal the court's denial to the First District

Court of Appeal within thirty days of the effective date of the

order. See id. at 2. However, Rossy did not appeal the post-

conviction court's denial. See Def. Ex. 5 at 2.

On December 18, 2012, a jury found Rossy guilty of aggravated

child molestation, enticing a child for indecent purposes, incest,

and rape. See Def. Ex. 7, State of Georgia v. Francis O. Rossy,

Case No. 09CR105, Verdict, Counts 1-10. Rossy is serving a term of

imprisonment in Georgia; his estimated release date is April 7,

2092. <u>See</u> http://www.dcor.state.ga.us/GDC/OffenderQuery (as of May 11, 2017).

According to Rossy, Defendant Arrington instructed the FDOC to transfer Rossy to the custody of the Hamilton County Sheriff while the Georgia Governor's warrant and requisition were processed; Defendant Cribbs took custody of Rossy and transported him to the HCJ on March 14, 2012; and Defendant Allen, in the presence of Defendant Lupkin, unlawfully removed Rossy from the HCJ before Rossy had an opportunity to litigate his habeas case in state court. Florida Statutes section 941.02 states in pertinent part:

> [I]t is the duty of the Governor of [Florida] to have arrested and delivered up to the executive authority of any other state of the United States any person charged in that state with treason, felony, or other crime, who has fled from justice and is found in this state.

<u>See</u> Fla. Stat. § 941.02. A warrantless pre-requisition arrest is permitted by Florida Statutes section 941.14 provided that three elements are satisfied. <u>See</u> <u>France v. Judd</u>, 932 So. 2d 1263, 1266 (Fla. 2nd DCA 2006). The applicable statute provides:

> The arrest of a person may be lawfully made also by any peace officer or a private person, without a warrant upon reasonable information that the accused stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding 1 year, but when so arrested the accused must be taken before a judge with all practicable speed and complaint must be made against the accused under oath setting forth the ground for the arrest . . .; and thereafter his or her answer shall be heard as if the accused had been arrested on a warrant.

Fla. Stat. § 941.14. Thus, an alleged fugitive may be arrested without a warrant based on reasonable information that the person stands charged in the courts of a state with a crime punishable by death or imprisonment for a term exceeding one year. See France, 932 So. 2d at 1266. Detention pursuant to Florida Statutes section 941.14 "permits time for the procedures required for production of a governor's warrant." Lewis, 418 So. 2d at 320.

Rossy's detention in the HCJ and his subsequent extradition to Clinch County, Georgia, was lawful and did not violate his procedural due process rights. Rossy neither asserts that the Defendants were aware of any procedural defects in the extradition paperwork or proceedings nor that they thwarted his ability to initiate and litigate his habeas issues in the state courts. Indeed, the state court ultimately decided that his habeas claims relating to his alleged unlawful detention at HCJ were meritless. Shortly after his transfer to the HCJ, Rossy appeared before a state court judge,[10] at which time the court informed Rossy of the charges, the out-of-state warrant, and his right to counsel. A week later, the Governor of Georgia issued the requisition to arrest, secure, and deliver Rossy to Clinch County, Georgia. The Defendants were simply performing their duties for the purpose of Rossy's extradition to Georgia where he was ultimately convicted. In doing

---

[10] Rossy made an appearance by videoconferencing from the HCJ. See Def. Ex. 3; see also Response at 3 (stating that the documents were shown to Rossy after the video hearing).

so, Rossy was provided the due process of law required for extradition to Georgia. Given the record, the Defendants neither violated Rossy's procedural due process rights under the Fourteenth Amendment nor Florida's Uniform Extradition law.[11]

Next, Rossy neither provides any factual assertions relating to Sheriff Reid nor allegations as to how he may have violated Rossy's federal constitutional rights. To the extent Rossy asserts a supervisory claim against Sheriff Reid, the United States Court of Appeals for the Eleventh Circuit has stated:

> "Supervisory officials are not liable under section 1983 on the basis of respondeat superior or vicarious liability." <u>Belcher v. City of Foley, Ala.</u>, 30 F.3d 1390, 1396 (11th Cir. 1994) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." <u>Gonzalez</u>, 325 F.3d at 1234 (internal quotation marks and citation omitted).[12] "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation."

---

[11] On April 18, 2014, the Court transferred Rossy's case to the United States District Court for the Middle District of Georgia where Rossy resided. <u>See</u> Order of Transfer (Doc. 4). The Honorable Hugh Lawson of the Middle District of Georgia found that Rossy's assertions against Defendant Allen in the original complaint (Doc. 1) failed to state a claim upon which relief could be granted, and therefore dismissed Defendant Allen. <u>See</u> Order (Doc. 6), filed May 29, 2014. That Court then transferred the case back to this Court since Allen was the only defendant residing in the Middle District of Georgia. <u>See</u> <u>id.</u>

[12] <u>Gonzalez v. Reno</u>, 325 F.3d 1228 (11th Cir. 2003).

<u>Brown v. Crawford</u>, 906 F.2d 667, 671 (11th
Cir. 1990).

> "The necessary causal connection can be
> established 'when a history of widespread
> abuse puts the responsible supervisor on
> notice of the need to correct the alleged
> deprivation, and he fails to do so.'" <u>Cottone</u>,
> 326 F.3d at 1360 (citation omitted).[13] "The
> deprivations that constitute widespread abuse
> sufficient to notify the supervising official
> must be obvious, flagrant, rampant and of
> continued duration, rather than isolated
> occurrences." <u>Brown</u>, 906 F.2d at 671. A
> plaintiff can also establish the necessary
> causal connection by showing "facts which
> support an inference that the supervisor
> directed the subordinates to act unlawfully or
> knew that the subordinates would act
> unlawfully and failed to stop them from doing
> so," <u>Gonzalez</u>, 325 F.3d at 1235, or that a
> supervisor's "custom or policy . . . resulted
> in deliberate indifference to constitutional
> rights," <u>Rivas v. Freeman</u>, 940 F.2d 1491, 1495
> (11th Cir. 1991).

<u>Danley v. Allen</u>, 540 F.3d 1298, 1314 (11th Cir. 2008); <u>see</u> <u>Keith v.</u>

<u>DeKalb Cty., Ga.</u>, 749 F.3d 1034, 1047-48 (11th Cir. 2014). In sum,

> To state a claim against a supervisory
> defendant, the plaintiff must allege (1) the
> supervisor's personal involvement in the
> violation of his constitutional rights,[14] (2)
> the existence of a custom or policy that
> resulted in deliberate indifference to the
> plaintiff's constitutional rights,[15] (3)

---

[13] <u>Cottone v. Jenne</u>, 326 F.3d 1352 (11th Cir. 2003).

[14] <u>See</u> <u>Goebert v. Lee Cty.</u>, 510 F.3d 1312, 1327 (11th Cir.
2007) ("Causation, of course, can be shown by personal
participation in the constitutional violation.") (citation
omitted).

[15] <u>See</u> <u>Goebert</u>, 510 F.3d at 1332 ("Our decisions establish that
supervisory liability for deliberate indifference based on the
implementation of a facially constitutional policy requires the

> facts supporting an inference that the
> supervisor directed the unlawful action or
> knowingly failed to prevent it,[16] or (4) a
> history of widespread abuse that put the
> supervisor on notice of an alleged deprivation
> that he then failed to correct. <u>See</u> <u>id.</u> at
> 1328-29 (listing factors in context of summary
> judgment).[17] A supervisor cannot be held
> liable under § 1983 for mere negligence in the
> training or supervision of his employees.
> <u>Greason v. Kemp</u>, 891 F.2d 829, 836-37 (11th
> Cir. 1990).

<u>Barr v. Gee</u>, 437 F. App'x 865, 875 (11th Cir. 2011) (per curiam).

Thus, any supervisory claim against Sheriff Reid fails because Rossy has failed to allege any facts suggesting that he was personally involved in, or otherwise causally connected to, the alleged violations of his federal statutory or constitutional rights. Moreover, "[i]n light of the Court's determination that there was no constitutional deprivation, there is no basis for supervisory liability." <u>Dang v. Sheriff, Seminole Cty. Fla.</u>, No. 15-14842, 2017 WL 1856069, at *7 (11th Cir. May 9, 2017) (quoting <u>Gish v. Thomas</u>, 516 F.3d 952, 955 (11th Cir. 2008); <u>Beshers v. Harrison</u>, 495 F.3d 1260, 1264 n.7 (11th Cir. 2007)). Therefore,

---

plaintiff to show that the defendant had actual or constructive notice of a flagrant, persistent pattern of violations.").

[16] <u>See</u> <u>Douglas v. Yates</u>, 535 F.3d 1316, 1322 (11th Cir. 2008) ("Douglas's complaint alleges that his family informed Yates [(an Assistant Warden)] of ongoing misconduct by Yates's subordinates and Yates failed to stop the misconduct. These allegations allow a reasonable inference that Yates knew that the subordinates would continue to engage in unconstitutional misconduct but failed to stop them from doing so.").

[17] <u>West v. Tillman</u>, 496 F.3d 1321 (11th Cir. 2007).

Defendants Reid, Lupkin, Cribbs, Allen and Arrington's Motions are due to be granted as to Rossy's procedural due process claims against them.

## F. Defendant Matthew Herring

Rossy asserts that Defendant Herring "turned over" the custody of Rossy to Defendant Cribbs "without any papers, but under the oral view that an extradition warrant had been issued." SAC at 6. On February 23, 2017, service of process was returned unexecuted as to Herring with an explanation that there is no employee with that name at HCI. See Return of Service (Doc. 48). On March 16, 2017, the FDOC notified the Court that there is no employee with that name at the FDOC. See FDOC Notice to Court (Doc. 53). As such, the Court found that reasonable efforts to locate Herring had been exhausted and directed Rossy to show satisfactory cause, by May 26, 2017, why Herring should not be dismissed from the action. See Order (Doc. 57). When Rossy provided documents to the Court signed by Herring, see Doc. 59, the Court directed the FDOC to review the documents and, if able to do so, provide the last known address of record for Herring by June 2, 2017, see Order (Doc. 60). Given the record and the Court's granting of the motions to dismiss, the Court will vacate its Order (Doc. 60) and address Rossy's assertions as to Defendant Herring.

The Prison Litigation Reform Act requires the Court to dismiss this case at any time if the Court determines that the action is

frivolous, malicious, fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). Additionally, the Court must read Plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing Battle v. Central State Hosp., 898 F.2d 126, 129 (11th Cir. 1990)). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328). Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success. Id.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law, and (2) such deprivation occurred under color of state law. Salvato v. Miley,

790 F.3d 1286, 1295 (11th Cir. 2015); <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (citation omitted); <u>Richardson v. Johnson</u>, 598 F.3d 734, 737 (11th Cir. 2010) (per curiam) (citations omitted). Moreover, the Eleventh Circuit "'requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation' in § 1983 cases." <u>Rodriquez v. Sec'y, Dep't of Corr.</u>, 508 F.3d 611, 625 (11th Cir. 2007) (quoting <u>Zatler v. Wainwright</u>, 802 F.2d 397, 401 (11th Cir. 1986)). More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. <u>See</u> <u>L.S.T., Inc. v. Crow</u>, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); <u>Fullman v. Graddick</u>, 739 F.2d 553, 556-57 (11th Cir. 1984). Additionally, "conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal." <u>Rehberger v. Henry Cty., Ga.</u>, 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (internal quotations and citation omitted). In the absence of a federal constitutional deprivation or violation of a federal right, Plaintiff cannot sustain a cause of action against Defendant Herring.

Like the other Defendants who were involved in Rossy's detention and ultimate extradition to Georgia, Defendant Herring was simply performing his corrections duties for the purpose of Rossy's extradition to Georgia. As such, Rossy was provided the due process of law required for extradition to Georgia. Given Rossy's

assertions in the SAC, Defendant Herring neither violated Rossy's procedural due process rights under the Fourteenth Amendment nor Florida's Uniform Extradition law. For the foregoing reasons, the Court will dismiss Defendant Herring, pursuant to 28 U.S.C. § 1915(e)(2)(B), because Rossy has failed to provide sufficient factual allegations to support a claim under § 1983 against Herring.

Therefore, it is now

**ORDERED**:

1. Defendants Reid, Lupkin, and Cribbs' Motion to Dismiss Amended Complaint (Doc. 42) is **GRANTED** to the extent provided in the Order, and Rossy's claims against them are **DISMISSED**.

2. Defendant Clinch County Deputy Sheriff Gary Allen's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 43) is **GRANTED** to the extent provided in the Order, and Rossy's claims against him are **DISMISSED**.

3. Defendant Helen Arrington's Motion to Dismiss (Doc. 44) is **GRANTED** to the extent provided in the Order, and Rossy's claims against her are **DISMISSED**.

4. Defendant Matthew Herring is **DISMISSED** from this action.

5. The Court **vacates** the Order (Doc. 60) directing the FDOC to provide the last known address for Defendant Herring.

6.      The Court directs the Clerk to provide a copy of this Order to Alexandria Williams, Assistant General Counsel for the Florida Department of Corrections.

7.      The Clerk shall enter judgment dismissing this case and terminating any pending motions.

8.      The Clerk shall close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 17th day of May, 2017.

MARCIA MORALES HOWARD
United States District Judge


sc-jax1 5/17
c:
Francis O. Rossy
Counsel of Record